MEMORANDUM **
Daniel Herbison was held in civil contempt by the district court for violating an order approving a class action settlement. He appeals from the contempt finding and the award of attorneys’ fees to Defendant Chase Bank, USA, N.A. We affirm the fee award, but dismiss the appeal from the contempt finding for lack of appellate jurisdiction.
1. Chase argues that we lack jurisdiction to review the fee award because the stipulated order fixing the fee amount was not mentioned in the notice of appeal. But the decision to impose fees was explained in the earlier contempt order, which is named in the notice of appeal, and Herbi-son challenged the fee award in his opening brief. Chase therefore had adequate notice of Herbison’s intent to appeal the fee decision. See Pope v. Sav. Bank of Puget Sound, 850 F.2d 1345, 1347 (9th Cir.1988).
2. There was no abuse of discretion in awarding fees. See Perry v. O’Donnell, 759 F.2d 702, 706 (9th Cir.1985).
*738 3. The general rule is that when a contempt proceeding is the sole remaining proceeding before the district court, a contempt order becomes final for purposes of appeal “[o]nce the finding of contempt has been made and a sanction imposed.” Shuffler v. Heritage Bank, 720 F.2d 1141, 1145 (9th Cir.1983). We have found a contempt order final when imposition of sanctions has been stayed pending appeal, see Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 854-55 (9th Cir.1992), but here, as in SEC v. Hickey, no sanctions have accrued and Herbison has purged the contempt, 322 F.3d 1123, 1127-28 (9th Cir. 2003). jurisdiction to review the contempt finding.
AFFIRMED IN PART, DISMISSED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.